IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAMMUON EPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-cv-345-WKW-SMD |
| | ) | |
| NANCY BUCKNER, Alabama Dep't of Human Resources Commissioner, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**[1]

On May 13, 2019, pro se Plaintiff Dammuon Epps ("Epps") filed a twenty-six-page complaint asking the Court to declare unconstitutional certain Alabama statutes related to removing children from their parents' custody. *Compl.* (Doc. 1). After granting Epps's request to proceed *in forma pauperis*, the undersigned stayed service of the complaint pending 28 U.S.C. § 1915(e) review. *Order* (Doc. 5). Upon review of the complaint, the undersigned found it deficient under the Federal Rules of Civil Procedure and entered an order requiring Epps to amend. *Order* (Doc. 8). Epps filed an amended complaint (Doc. 12), and the undersigned lifted the stay of service. *Order* (Doc. 13).

Pending before the Court are multiple motions to dismiss Epps's amended complaint. *See Defs.' Mots.* (Docs. 25, 33, 45, 48, and 54). Although each Defendant moves

---

[1] On May 15, 2019, the District Judge entered an Order (Doc. 2) referring the case to the undersigned Magistrate Judge for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate."

to dismiss on various grounds, all argue that the amended complaint fails to comply with the federal pleading standards.[2] The undersigned agrees and finds that Epps's amended complaint is deficient for the same reasons as his original complaint. Therefore, the undersigned recommends that Defendants' Motions to Dismiss (Docs. 25, 33, 45, 48, and 54) be granted and that Epps's amended complaint be dismissed without further opportunity to amend.

## I. THE AMENDED COMPLAINT[3]

Epps resides in Russell County, Alabama, and "has children aged 0-18 years old who also reside in Russell County, Alabama." *Amended Compl.* (Doc. 12) p. 2, ¶ 7. Epps has never "been charged with any act that constitutes harm to any of [his] children" and has "never voluntarily surrendered custody of any of [his] children." *Id.*

Epps's amended complaint—styled as a "Complaint for Declaratory Judgement [sic] and Injunctive Relief"—asks the Court to examine "the constitutionality of the application" of two Alabama statutes: (1) the Alabama Juvenile Justice Act ("AJJA"), ALA. CODE §§ 12-15-101 (1975) *et seq.*,[4] and (2) the Alabama Department of Early Childhood

[2] *See Def. Buckner's Mot.* (Doc. 25) pp. 8-16; *Def. Bryar's Mot.* (Doc. 33) p. 1; *Def. Ivey's and Def. Parker's Mot.* (Doc. 43) pp. 6-9; *Def. Collins's Mot.* (Doc. 48) pp. 3-7.

[3] For purposes of this Recommendation, the undersigned sets forth the well-pleaded factual allegations of Epps's amended complaint. The undersigned does not consider any legal conclusions asserted within Epps's amended complaint, as those statements are not well-pleaded factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 555-56 (1974).

[4] The purpose of the AJJA "is to facilitate the care, protection, and discipline of children who come under the jurisdiction of the juvenile court[.]" ALA. CODE § 12-15-101(a) (1975). The AJJA provides the mechanism under which children may be declared dependent and ultimately removed from the custody of their parents when it is judicially determined to be in the child's best interest or for the safety of the public. Phillips, Karen and Hendrix, Elizabeth, *An Overview of Juvenile Court Proceedings Involving the Department of Human Resources*, 80 ALA. LAW. 196, 109 (May 2019).

Education Act ("DECEA"), ALA. CODE §§ 26-24-1 (1975) *et seq*.[5] *Id.* at 1, 4-7. Epps generally asserts that the ways in which Defendants applied these statutes to him and his family[6] violated (1) his Fourteenth Amendment right to procedural due process; (2) his Fourteenth Amendment right to substantive due process; (3) the Fourteenth Amendment's Equal Protection Clause; (4) the Fourteenth Amendment's prohibition against unreasonable search and seizure; (5) his First Amendment right to access the courts; and (6) the Thirteenth Amendment's prohibition against involuntary servitude. *Id.* at 9-12.

## II. JURISDICTION

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). As such, they only have the power to hear cases that they have been authorized to hear by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction over two general types of cases: (1) cases that arise under federal law,[7] and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties.[8] *Home*

---

[5] This code section renames the former Department of Children's Affairs as the Department of Early Childhood Education. ALA. CODE § 26-24-1(a). DECEA is "a part of the Executive Department of state government, principally established to enable the Governor to effectively and efficiently coordinate efforts and programs to serve children throughout the state." *Id.*

[6] Because Epps challenges the application of the statutes to him and his family, the undersigned construes the amended complaint to attempt to bring as-applied constitutional challenges to the Alabama statutes. *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009) ("An as-applied challenge . . . addresses whether a statute is unconstitutional on the facts of a particular case or to a particular party.") (internal citations and quotations omitted); *Am. Fed'n of State, Cnty., & Mun. Emps. Council 79 v. Scott*, 717 F.3d 851, 864 (11th Cir. 2013) ("[C]ourts construe a plaintiff's challenge, if possible, to be as-applied").

[7] 28 U.S.C. § 1331.

[8] 28 U.S.C. § 1332(a).

*Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

Based on a liberal construction of Epps's amended complaint, Epps asserts as-applied constitutional challenges to Alabama child custody statutes. Subject matter jurisdiction is therefore proper pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

## III. PLEADING STANDARDS

Federal Rule of Civil Procedure 8 provides the standard for pleadings. Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled" to the relief sought. FED. R. CIV. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that merely relies on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to meet the standard of Rule 8. *Twombly*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if it fails to state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). This standard "'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's

liability." *Chaparro*, 693 F.3d at 1337 (quoting *Twombly*, 550 U.S. at 556). A reviewing court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). A court gives legal conclusions—e.g., formulaic recitations of the elements of a cause of action—no presumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). Further, a court should limit the scope of its review to the four corners of the complaint and may not consider new factual allegations or legal theories raised by the plaintiff in other pleadings. *See St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and—like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## IV. DISCUSSION

Epps's amended complaint is a textbook shotgun pleading and therefore violates Federal Rule of Civil Procedure 8. Because Epps has already been afforded an opportunity to amend his original complaint—which suffered from the same flaws as his amended complaint—Epps's amended complaint should be dismissed without further opportunity to amend.

A "shotgun pleading" violates the "short and plain statement" requirement under Rule 8. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). The Eleventh Circuit has recognized four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint not falling into the first category, but nevertheless "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Regardless of the category under which it falls, fundamentally, a shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The Eleventh Circuit shows "little tolerance for shotgun pleadings," even when the plaintiff proceeds pro se. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir.

2018) (quoting *Vibe Micro, Inc.*, 878 F.3d at 1295); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020); *Blochowicz v. Wilkie*, 2020 WL 5028224, at *3 (S.D. Ga. Aug. 25, 2020) (noting that the court "takes a dim view of shotgun pleadings"). However, "[b]efore dismissing a complaint with prejudice on shotgun pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington*, 757 F. App'x at 797. If "the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Vibe Micro*, 878 F.3d at 1295.

Here, during the Court's § 1915(e) review, the undersigned found that Epps's complaint was a shotgun pleading that failed to comply with the federal pleading standards. *Order* (Doc. 8). The undersigned identified the deficiencies within the complaint and afforded Epps an opportunity to amend, providing him with detailed instructions on how to replead. *Id.* Despite these instructions, Epps's amended complaint suffers from the same flaws as his original complaint and, thus, remains an impermissible shotgun pleading that violates the pleading standards. Because Epps has already been afforded an opportunity to amend with instruction, Epps's amended complaint should be dismissed.

First, in the prior order directing Epps to amend his complaint, the undersigned advised Epps that his complaint was a shotgun pleading because each count explicitly "'reinstate[d] and incorporate[d] by reference the allegations contained in the preceding paragraphs of th[e] Complaint.'" *Order* (Doc. 8) p. 6 (quoting *Compl.* (Doc. 1) pp. 20, 21,

22, 23, and 24). The undersigned advised Epps that "[t]his statement . . . [made] it impossible . . . to determine which facts Epps intend[ed] for the Court to consider with each of his claims." *Id.* In the same fashion, each count within Epps's amended complaint explicitly "restates and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein." *Amended Compl.* (Doc. 12) p. 9, ¶ 55; *id.* at 10, ¶ 62; *id.* at 11, ¶¶ 68, 70, 72; *id.* at 12, ¶ 74. Thus, like the original complaint, Epps's amended complaint makes it impossible for the undersigned to determine which facts Epps intends for the Court to consider with each claim.[9]

Second, in the prior order directing Epps to amend, the undersigned advised Epps that his complaint was "'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.'" *Id.* (quoting *Weiland,* 792 F.3d at 1321). The undersigned provided Epps with examples of these "facts" and explained that the Court could not decipher how they were relevant to his claims. *Id.* at 5-9, 12-14. Like the original complaint, Epps's amended complaint contains conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. Examples include the following:

- Under the DEFENDANTS' application of the DECE, the judicial officers utilized to preside over these dependency action[s] hold an incompatible

[9] Even if the undersigned were to ignore the offending verbiage, each count of Epps's amended complaint contains nothing more than conclusory statements that Defendants violated Epps's constitutional rights. For example, Count 3 contains two numbered paragraphs. *Amended Compl.* (Doc. 12) p. 11, ¶¶ 68-69. The first "restates and incorporates by reference the allegations contained in the preceding paragraphs" of the amended complaint. *Id.* at ¶ 68. The second alleges that Defendants' "application of the DECE ACT to me and my children violates the Equal Protection Clause of the Fourteenth Amendment because the DECE ACT engages in age based discrimination denying all children under 19 years of age and their parents a fair and impartial hearing before a detached judge when the state seeks to interfere with the integrity of their families." *Id.* at ¶ 69. No other allegations appear within count 3. These allegations—one of which makes the amended complaint a shotgun pleading and the other of which is merely a legal conclusion—are insufficient to provide Defendants with notice of the claims against them. The other counts in Epps's amended complaint follow the same pattern.

office within the Alabama Children's Policy Council (CPC) that require the judge to actively engage in devises that give advantage and support to the efforts of the Governor and state agencies engaged in children services. One of those devices includes the Russell County Family Dependency Court. *Amended Compl.* (Doc. 12) p. 4.

- Published State reviews of DHR's administration of children services reveal that the majority of DHR workers **don't even know what the CAN Assessment attached to Section 26-14-7(3) Code of Alabama is** despite a CAN assessment being vital to DHR's assessment as to whether an allegation of abuse or neglect is indicate or not and did, in fact happen. *Id.* at 5.

- CPC is actively engaged in the Governor's economic strategy and workforce development efforts directed at children in the state. A key component of the State's economic and workforce strategy is the acquisition of children as "human capital" aligned to meet the needs of prospective business investors. *Id.* at 6.

These and other allegations in the amended complaint are seemingly irrelevant to Epps's as-applied constitutional challenges.

Third, in the prior order directing Epps to amend, the undersigned advised Epps that his complaint "contain[ed] multiple pages of impermissible legal argument." *Order* (Doc. 8) pp. 6-7. The undersigned provided Epps with examples and advised Epps that his arguments were not "'simple, concise, and direct' factual allegations as required by Rule 8." *Id.* at 7. However, once again, Epps's amended complaint is replete with impermissible legal argument. For example, Epps alleges:

- The standards utilized by the AJJA to empower juvenile judges to care for children *within its jurisdiction* are very broad allowing the judge to make any determination of care for any matter concerning those specific *classes of children and parents that the AJJA applies to. Amended Compl.* (Doc. 12) p. 4 (emphasis in original).

- The DEFENDANTS are applying the AJJA dependency statutes to allow DHR to remove any child for any undefined reason without expressed or implied legislative authority. *Id.*

- The DEFENDANTS are utilizing color of the AJJA to place every child in the state within the jurisdiction of juvenile dependency with the intent to subject all children to the unrestricted determinations of state court judges, who also hold incompatible offices within CPC devoted to the efforts of state agencies, regardless of whether a child meets the AJJA definition of "dependent child" and regardless of whether the state has a compelling interest in interfering with family integrity or making determinations as to the care of the child. *Id.* at 4-5.

- The application of the AJJA empowers the CPC and its officials with the ability to exercise complete dominance over the social, cultural, and economic development of all families through the use of police powers regardless of the limitations on government interference with the family and in spite of the wishes of fit parents. *Id.* at 5.

Importantly, when these and other legal arguments and conclusions are removed from the amended complaint, Epps's bare bones factual allegations are woefully insufficient to show that he is entitled to the relief he seeks.

Finally, in the prior order directing Epps to amend, the undersigned advised Epps that,

> [f]or each cause of action alleged, the amended complaint *must contain factual allegations about each defendant's conduct*, clearly indicating which specific factual allegations provide support for which cause(s) of action and *noting the relevant date of all such actions*. The amended complaint should not incorporate by reference previous paragraphs within the complaint.

*Order* (Doc. 8) p. 7 (emphasis added). Despite this specific instruction, Epps's amended complaint alleges no particularized conduct attributable to any Defendant. Indeed, he does not allege any specific action taken by any Defendant that caused him harm. Nor does he

allege when the unspecified, supposedly harmful conduct occurred. Instead, in a section titled "All Defendants," Epps states:

- Each DEFENDANT is responsible for the administration of some portion of the ACTS in question. *Amended Compl*. (Doc. 12) p. 7.

- Based on information and belief, each DEFENDANT has proliferated the color of law polices herein through the training of subordinates. *Id.*

- Based on information and belief, each DEFENDANT has directly participated in the formulation, promulgation, and execution of policies of allowing DHR to utilize AJJA dependency actions and the DECE ACTS as a device to expand the capacity of state agencies to acquire state care, custody, and control over children from fit parents under color of law in aid of the governors efforts targeting children. *Id.* at 7-8.

These legal conclusions are not factual allegations setting forth Defendants' individual actions and, therefore, do not satisfy the Rule 8 standard. Importantly, Epps provides no further clarification of Defendants' alleged conduct within the counts of his amended complaint, or elsewhere, as the undersigned's previous order specifically required. Instead, Epps simply reiterates in each count that his claims are against "all Defendants in their official capacities" and then vaguely asserts that Defendants' application of the Alabama statutes infringed on his constitutional rights. *See id.* at 9, ¶¶ 56, 58, 59; *id.* at 10, ¶¶ 60, 61, 63, 65, 66; *id.* at 11, ¶¶ 69, 71; *id.* at 12, ¶ 73. These generalized and conclusory statements are insufficient to place Defendants on notice of the claims against them.

## V. CONCLUSION

Like his original complaint, Epps's amended complaint contains little more than scattered legal arguments, legal standards, and legal conclusions that are subsequently

incorporated into his various causes of action. This type of complaint epitomizes a shotgun pleading that fails the federal pleading standards. Accordingly, it is the

RECOMMENDATION of the undersigned that, to the extent Defendants' Motions to Dismiss (Docs. 25, 33, 45, 48, and 54) seek dismissal of the amended complaint for failure to comply with the federal pleading standards, those Motions be GRANTED and that Epps's amended complaint (Doc. 12) be DISMISSED. Because the undersigned has already afforded Epps an opportunity to amend his complaint with instruction, and because Epps's amended complaint suffers from the same flaws previously identified in his original complaint, Epps should not be afforded an additional opportunity to replead. Further, it is

ORDERED that the parties are DIRECTED to file any objections to this Recommendation **on or before December 27, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc). The parties are advised that this Recommendation is not a final order of the Court and, therefore, it is not

appealable.

Done this 13th day of December, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE